United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN MATTHEW WHITEHEAD,<br><br>Defendant. | Case No.: CR 10-00299-1 CW<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I. BACKGROUND

On December 3, 2010, Jonathan Matthew Whitehead was sentenced to 30 months in custody and 5 years of supervised release for possession with intent to distribute Methamphetamine in violation of 21 U.S.C. Section 841(a)(1), (b)(1)(c), a Class C felony. Defendant has been on supervised release since July 25, 2012. On January 28, 2014, Defendant's probation officer filed a petition alleging that Defendant had violated a condition of his supervised release, namely, the condition that Defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.

In the petition, the probation officer specifically alleged that on December 19, 2013, the probation officer attempted to make contact with Defendant at his reported address. Defendant's aunt, Vicky Sims, reported to the probation officer that Defendant was not residing with her, but she permitted him to use her address. Ms. Sims was unaware and uncomfortable with Probation reporting to her home and stated that she was no longer permitting Defendant to use her address. In another attempt to make contact with Defendant, on January 7, 2014, the probation officer called the Defendant's girlfriend who reported that she had not seen Defendant in over a week and that he failed to appear for his final exam at San Francisco City College. She was unsure of his whereabouts. As of the date of the filing of the Form 12, Defendant failed to report to the

DETENTION ORDER
CR 10-00299-1 CW                                          1

Probation Office or otherwise contact the probation officer, and his whereabouts were unknown. On January 28, 2014, the District Judge found probable cause and issued a warrant for Defendant's arrest.

Defendant was arrested, and on February 4, 2014, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Edward Smock. Assistant United States Attorney Wade Rhyne appeared on behalf of the Government. Probation Officer Darnell Hammock was also present. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

Defendant requests that he be released to a halfway house – the same halfway house from which he was recently terminated twice. He argues that he believes the halfway house will take him back, but no such evidence was presented at the hearing. He contends that his homelessness resulting from a court order requiring him to stay away from Richmond, California, where he has ties to the community, is his central problem. Defendant argued that he wants to succeed and requested an opportunity to prove himself, stating that the day after he refused to be drug tested, he tested negative for drugs, and he was attending City College. Although he was enrolled in 12 units at San Francisco City College, Defendant failed to show up to take any of his final exams.

The Government persuasively argued that detention is appropriate in this case. The government noted that Defendant has used the argument that he is young, enrolled in college and making progress at his original sentencing in the underlying case and at the four previous supervised release violation hearings. Each time, that argument resulted in leniency for Defendant. Specifically, he was sentenced below the guidelines in the underlying case; he was placed in a halfway house three times and was given six months of custody on the second

DETENTION ORDER
CR 10-00299-1 CW                                              2

supervised release violation. Now, Defendant is making the same arguments in his fifth supervised release violation matter before this court.

The record shows that instead of making an effort to attend college and succeed as he has repeatedly argued that he wants the opportunity to do, he repeatedly violates the court's orders; he fails to follow the instructions of his probation officer; he fails to notify the probation officer prior to a change in residence or employment; he has been in Richmond without approval from the probation officer; he fails to reside at and observe the rules of the halfway house; he has tested positive for marijuana; and he has refused to submit to a drug test. The court cannot see how homelessness explains Defendant's behavior during the three times he was supposed to be living at the halfway house.

The probation officer has spoken to Defendant about his homelessness and told him that he simply needs to communicate with probation, but Defendant repeatedly fails to do so. The court has no reason to believe that Defendant will do anything differently if he is released at this time, especially since he has been terminated two out of the three times he has been placed in the halfway house, and there is no evidence that the halfway house is prepared to take him back a fourth time. Defendant's behavior shows that he is not amendable to supervision.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Defendant has not shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

//
//
//
//
//
//
//
//

DETENTION ORDER
CR 10-00299-1 CW                                      3

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 6, 2014

KANDIS A. WESTMORE
United States Magistrate Judge